Craighead & Craighead, for plaintiff in error.
C. H. Baldwin, *contra.*

---

488            ## SETTLEMENT OF ESTATES.

[Preble Circuit Court, November Term, 1888.]

Stewart, Shauck and Shearer, JJ.

## ELIZABETH WOLVERTON v. HARVEY PADDOCK ET AL.

WIDOW NOT ENTITLED TO ALLOWANCE IN LIEU OF HOMESTEAD.

A widow, whose husband was not the owner of a homestead, is not entitled to an allowance in lieu of a homestead out of his estate.

ERROR to the Court of Common Pleas of Preble county.

In this case, upon the filing of a petition by the administrator of Isaac Wolverton, to sell the real estate of his intestate to pay debts, on June 28, 1888, Elizabeth Wolverton, the widow of Isaac Wolverton, filed an answer asking the allowance of her dower in money, and also representing herself to be the mother of two minor children, under fourteen years of age, residing with her; not the owner of a homestead; that the real estate sought to be sold was all the real estate belonging to her deceased husband; that the same was not used by him as a homestead, and asking that out of the proceeds of the sale she may have an allowance in lieu of a homestead. The estate is insolvent. The real estate having been sold, an allowance was made to her for her dower, but her application for an allowance in lieu of a homestead was denied by the common pleas court, and she seeks now to reverse that judgment.

STEWART, J.

The only question for determination in this case is, whether a widow whose husband is not, at the time of his decease, the owner of a homestead, and who is not herself the owner of a homestead, is entitled to an allowance in lieu of a homestead out of her husband's estate. The correct decision of this question depends

upon a proper construction of the statutes of this state, with such light thereon as may be given by the decisions of our courts.

The only provision in relation to the setting off of a homestead in cases of sale of the real estate of an intestate by the administrator to pay debts, is found in sec 6155, Rev. Stat.; (83 O. L., 105). Under that section, if the deceased left a homestead and a widow or minor children, or both, entitled to have a homestead set off, pursuant to the provisions of sec. 5437, then the court shall order the appraisers to first set off and assign such homestead. Such appraisers, however, are not authorized to set off such homestead unless the premises about to be sold, or a part of them, constitute the homestead of the intestate. Section 5438, Rev. Stat.

But it is claimed that the language of sec. 5441, is broad enough to authorize the allowance to a widow of $500.00 in lieu of a homestead, when, as in this case, she is not the owner of a homestead.

The language of this section is no broader than that of sec. 5435, and in the case of Taylor v. Thorn, adm'r, 29 O. S., 569, it was held that the exemptions referred to in sec. 5435 (S. & C. 1145, sec. 4), related to property belonging to the widow, and not to that belonging to the estate of her deceased husband. It was further held in the same case that the only right to a homestead in the lands of a decedent belonging to his widow is created by sec. 5437 (S. & C. 1145, sec. 3).

It is clear that the provisions of sec. 5441 only apply to exemptions to the widow out of her own property against her own debts, and that she is not entitled to any allowance in lieu of a homestead out of her husband's property.

It follows that the judgment of the court below was right, and it will be affirmed.

Foos & Fisher and M. L. Holt, for plaintiff.
J. W. King, for defendant.